# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELYNN (JACKIE) L. JACKS, STUART L. REES, Wife and Husband, HARLEY J. JACKS and JACQUELYNN (JACKIE) L. JACKS, as Next Friend for T.J.M., a Minor, and A.J.J., a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>CMH HOMES, INC., d/b/a OAKWOOD HOMES OKLAHOMA CITY and as CLAYTON MOBILE HOMES; KARSTEN HOMES, a Division of CMH MANUFACTURING, INC., and VANDERBILT MORTGAGE AND FINANCE, INC.,<br><br>Defendants. | Case No. CIV-15-34-M |

## ORDER

Before the Court is defendants CMH Homes, Inc. and CMH Manufacturing, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiffs' Claims for Failure to Obtain Service Within 180 Days, filed January 13, 2015. On February 3, 2015, plaintiffs filed their response, and on February 10, 2015, Defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs allege that in December 2010 a water leak and mold were discovered in plaintiffs' residence. *See* Am. Pet. ¶ 12. Plaintiffs further allege that after their home was allegedly repaired and the mold contamination remediated, a second water leak and mold were discovered in November 2012. *See id.* ¶ 14. On December 21, 2012, plaintiffs filed the instant action in Stephens County District Court, asserting a negligence cause of action and a manufacturer's product liability cause of action. Almost two years later, on December 4, 2014, plaintiffs filed an Amended Petition,

adding a cause of action for breach of implied warrant of habitability and a rescission cause of action. Plaintiffs served the original Petition, Amended Petition, and Summons upon Defendants on December 22, 2014, 731 days after filing this action. On January 12, 2015, Defendants removed this action to this Court. Defendants now move this Court to dismiss this case, pursuant to Okla. Stat. tit. 12, § 2004(I), Okla. Stat. tit. 12, § 2012(b)(5), and Federal Rule of Civil Procedure 12(b)(5), on the grounds that plaintiffs failed to serve process upon Defendants within 180 days after the date of filing their Petition.

After removal, federal courts look to the law of the forum state, in this case Oklahoma, to determine whether service of process was properly made prior to removal. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Under Oklahoma law,

> If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion.

Okla. Stat. tit. 12, § 2004(I).[1] Thus, if a plaintiff does not serve a defendant within 180 days, the plaintiff is required to show good cause for his failure. *See id.*; *see also Fischer v. Baptist Health Care of Okla.*, 14 P.3d 1292, 1293 (Okla. 2000); *Clark v. Ralston*, 169 P.3d 413, 416 (Okla. Civ.

---

[1] The parties dispute which version of § 2004(I) applies in this case. Defendants assert that the version in effect when this action was filed, which contains the following language that was amended in 2009: "the action shall be deemed dismissed as to that defendant without prejudice," is the applicable version. Plaintiffs assert that the version relied upon by Defendants is not applicable because the Comprehensive Lawsuit Reform Act of 2009, of which the 2009 amendments to § 2004 were a part, was held to be unconstitutional and void in its entirety by the Oklahoma Supreme Court in *Douglas v. Cox Retirement Props., Inc.*, 302 P.3d 789 (Okla. 2013). Because this Court finds that plaintiffs have not shown good cause why service was not made within the 180 day period, the Court finds it does not matter which version of § 2004(I) is applied in this case.

2

App. 2007).[2] Further, "[p]laintiffs must show good cause for the occasioned delay by more than a lawyer's conclusory references in an argument to the court. Counsel's unsworn representations do not rise to the level of proof of good cause contemplated by the terms of [section] 2004(I)." *Willis v. Sequoyah House, Inc.*, 194 P.3d 1285, 1290 (Okla. 2008).

In the case at bar, plaintiffs filed their Petition on December 21, 2012. Plaintiffs, therefore, had until June 19, 2013, to timely serve Defendants. Plaintiffs did not serve Defendants until December 22, 2014, 551 days after the deadline. In plaintiffs' response, plaintiffs' counsel states that he recommended plaintiffs file a petition immediately to toll the statute of limitations and further recommended that summons not be immediately issued and served because plaintiff Jackie Jacks had been successful in getting Defendants and their related entities to repair and remediate the first mold contamination found in December 2010. Plaintiffs' counsel further states that he believed that serving Defendants with summons would result in Defendants refusing to assist plaintiffs in remediating the second mold contamination, which was discovered in November 2012. Plaintiffs further state, in both their response and Ms. Jacks' affidavit, that the repairs and remediations were not completed until March 2014.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have not shown good cause for their failure to serve Defendants within 180 days of filing their Petition. The Court would first note that plaintiffs served Defendants 551 days after the deadline, an extremely

---

[2]Plaintiffs assert that Defendants must show prejudice from the delay in service. Any prejudice requirement under the pre-2009 version of § 2004(I), however, is not triggered until a plaintiff has shown good cause. *See Clark*, 169 P.3d at 416. *See also Fischer*, 14 P.3d at 1293 ("When a plaintiff shows good cause for delay in service <u>and</u> the defendant fails to show prejudice, the trial court abuses its discretion if it dismisses the petition based on the delay.") (emphasis added).

3

long period of time.[3] Additionally, even if the Court could rely on plaintiffs' counsel's unsworn representations, the Court finds that, at most, plaintiffs may have shown good cause for not serving Defendants prior to the completion of the repairs and remediations in March 2014. However, plaintiffs waited an additional nine months after the completion of the repairs and remediations before serving Defendants. Plaintiffs have set forth absolutely no reason for this additional delay. Because plaintiffs have not shown good cause for their failure to serve Defendants within 180 days of filing their Petition, the Court finds Defendants were not timely served and plaintiffs' claims against Defendants should be dismissed.

Finally, in their response, plaintiffs, relying on the last sentence of § 2004(I)[4], assert that § 2004(I) does not apply because Defendants, which are both Tennessee corporations, were outside of Oklahoma at all times after the Petition was filed. Defendants, however, both had service agents located in Oklahoma during the time period after the Petition was filed. In fact, it was these service agents who were served with summons in this case. Thus, the Court finds that the exception noted in the last sentence of § 2004(I) is not applicable to this case.

---

[3]The Court would further note that plaintiffs served Defendants approximately four years after the first water leak and mold contamination were found.

[4]"This subsection shall not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition." Okla. Stat. tit. 12, § 2004(I).

4

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Claims for Failure to Obtain Service Within 180 Days [docket no. 4] and DISMISSES without prejudice all claims against defendants CMH Homes, Inc., d/b/a Oakwood Homes Oklahoma City and as Clayton Mobile Homes, and Karsten Homes, a division of CMH Manufacturing, Inc.

**IT IS SO ORDERED this 5th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE